UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
 :
KEITH DARLING, :
 :  1:10-cr-00640-PAC-2
             Petitioner, :
 :  1:15-cv-09969-PAC
  -against- :
 :
UNITED STATES OF AMERICA, :  **<u>ORDER DENYING PETITION</u>**
 :  **<u>UNDER 28 U.S.C. § 2255</u>**
             Respondent. :
 :
-------------------------------------------------------------X

      Defendant Keith Darling ("Defendant," "Darling") moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. He is serving a prison term of 200 months imposed after he pled guilty to charges related to an attempted Hobbs Act robbery. He seeks amendment of his written judgment of conviction, and that the Court vacate his convictions for carrying a firearm in relation to a crime of violence and for being a felon in possession of a firearm.

      Darling's petition is GRANTED as to the amendment of his written judgment of conviction; his petition is DENIED in all other respects.

## **BACKGROUND**

      Darling was charged in a five-count indictment filed July 21, 2010 (the "Indictment") along with co-defendant Damian Young. ECF No. 12, at 1–5.[1] Darling specifically was charged with conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951 ("Count One"); attempt to commit Hobbs Act robbery in violation of 18 U.S.C. §§ 1951 and 2 ("Count Two"); using, carrying, and possessing a firearm in connection with Counts One and Two and in

---

[1] Unless otherwise indicated, all citations are to the criminal docket, case number 1:10-cr-00640-PAC-2.

violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2 ("Count Three"); and for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) ("Count Five"). *Id.* The charges were all in connection with an attempt to rob a marijuana dealer in the Bronx, New York. *Id.* at 1–2.

Darling pled guilty[2] to Counts One, Two, Three, and Five on June 23, 2011, and on June 6, 2012 was sentenced to 140 months' imprisonment on Counts One and Two and 60 months on Counts Three and Five for a total of 200 months' imprisonment, followed by three years of supervised release. Minute Entry dated June 23, 2011; Sent'g Tr. at 19:5–8, ECF No. 86–2, Ex. B. Darling then filed a notice of appeal on June 11, 2012. ECF No. 50. Despite failing to preserve his right to appeal this Court's denial of his suppression motion, Darling appealed that decision both on the merits and on a claim that his counsel was constitutionally ineffective. *United States v. Darling*, 519 F. App'x 58, 59 (2d Cir. 2013). The Second Circuit affirmed the judgment. *Id.*

Darling moved *pro se* to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on December 17, 2015, ECF No. 67, based on the United States Supreme Court's then-recent decision in *Johnson v. United States*, 576 U.S. 591 (2015), which held that imposing a sentence enhancement under the residual clause of the Armed Career Criminal Act ("ACCA") denied due process of law. 576 U.S. at 596–97. Darling's argument was that the application of a career offender enhancement to him was unconstitutional and should be vacated and that he be resentenced. ECF No. 67, at 1–2. The Court ordered the Government to answer and appointed counsel for Darling. ECF No. 68. The Government opposed the motion. ECF No. 69, at 1.

---

[2] Darling and Young moved to suppress statements obtained during and after their arrests. Mem. & Op. 1, ECF No. 31. The Court held a suppression hearing on February 10, 2011, and subsequently denied the motions. *Id.* at 1, 4–7.

2

Darling then moved to supplement his § 2255 motion with claims that (1) conspiracy to commit and attempted Hobbs Act robbery no longer qualified as predicate crimes of violence under U.S.S.G. § 4B1.2 and therefore could not trigger a career offender finding and (2) that conspiracy and attempted Hobbs Act robbery do not qualify as crimes of violence under 18 U.S.C. § 924(c)(3) after *Johnson*, which he argued applied retroactively. ECF No. 71. The Court on April 11, 2016 held the case in abeyance, then on April 19, 2016 granted the motion to supplement, ECF No. 73, and ordered the Parties to address the Supreme Court's decision in *Welch v. United States*, 136 S. Ct. 1257 (2016), which clarified that *Johnson* "is . . . a substantive decision and so has retroactive effect . . . in cases on collateral review." 136 S. Ct. at 1265.

Further stays were then sought, and granted, while the Supreme Court decided *Beckles v. United States*,[3] 137 S. Ct. 886 (2017) and *United States v. Davis*,[4] 139 S. Ct. 2319 (2019), and the Second Circuit decided *United States v. Hill*,[5] 890 F.3d 51 (2d Cir. 2018) and *United States v. Barrett*,[6] 937 F.3d 126 (2d Cir. 2019). ECF Nos. 79, 83. Meanwhile, in the face of a circuit split,[7] the Second Circuit heard argument in several cases raising the issue of whether attempted

---

[3] Holding that the advisory Sentencing Guidelines are not subject to vagueness challenge under the Due Process Clause. *Beckles*, 137 S. Ct. at 890.

[4] Holding that 18 U.S.C. § 924(c)(3)(B), the "residual clause," is unconstitutionally vague. *Davis*, 139 S. Ct. at 2336.

[5] Holding that Hobbs Act robbery is categorically a crime of violence under 18 U.S.C. § 924(c)(3)(A). *Hill*, 890 F.3d at 53.

[6] Holding that Hobbs Act robbery conspiracy is not categorically a crime of violence under 18 U.S.C. § 924(c)(3). *Barrett*, 937 F.3d at 127–28.

[7] The Third, Seventh, Ninth, and Eleventh Circuits have all found that attempted Hobbs Act robbery constitutes a crime of violence under 18 U.S.C. § 924(c). *United States v. Walker*, 990 F.3d 316, 319 (3d Cir. 2021); *United States v. Ingram*, 947 F.3d 1021, 1025–26 (7th Cir. 2020); *United States v. Dominguez*, 954 F.3d 1251, 1261–62 (9th Cir. 2020); *United States v. St. Hubert*, 909 F.3d 335, 351 (11th Cir. 2018). The Fourth Circuit stands alone in holding the

3

Hobbs Act robbery constitutes a crime of violence under 18 U.S.C. § 924(c).[8] On April 22, 2021, the Second Circuit decided one of those cases and held that attempted Hobbs Act robbery is categorically a crime of violence under § 924(c)(3)(A). *United States v. McCoy*, 995 F.3d 32, 57 (2d Cir. 2021). Now, the issues that remain before this Court are: (1) Darling's motion to amend his written judgment of conviction to properly reflect that the Court imposed a sentence of 60 months', not 140 months', imprisonment on Count Five at sentencing; (2) whether conspiracy to commit Hobbs Act robbery and attempted Hobbs Act robbery still qualify as predicate crimes of violence under 18 U.S.C. § 924(c)(3) after *Johnson*, *Davis*, *Barrett*, and *McCoy*; and (3) the Defendant's request to amend his petition to add a claim that his conviction under 18 U.S.C. § 922(g) should be vacated under *Rehaif v. United States*, 139 S. Ct. 2191 (2019). ECF No. 86, at 1–2.

## DISCUSSION

### I. Judgment of Conviction

This Court at sentencing orally imposed a sentence of "200 months, 140 months on Counts One and Two and 60 months on Count Three, to run consecutively with 140 months on Counts One and Two." Sent'g Tr. at 19:5–8, ECF No. 86–2, Ex. B. Darling was sentenced on Count Five to "60 months also to run concurrent with Count Three." *Id.* at 19:8–9. The Defendant's written judgment of conviction, ECF No. 49, at 2, however, states that he was sentenced to 140 months on Count Five, and Darling moves to amend this apparent scrivener's

---

contrary. *United States v. Taylor*, 979 F.3d 203, 209–210 (4th Cir. 2020). Darling raised *Taylor* to the Court's attention in a letter filed October 23, 2020. ECF No. 97.

[8] *United States v. Morris*, No. 16-6 (2d Cir. argued June 25, 2020); *United States v. Collymore*, No. 19-596 (2d Cir. argued June 1, 2020); *United States v. McCoy*, No. 17-3515 (2d Cir. argued Oct. 23, 2019).

4

error. The Government does not oppose the Defendant's motion in this respect and agrees his judgment of conviction should be amended. ECF No. 86, at 12; ECF No. 90, at 11.

After appropriate notice, the Court "may at any time correct a clerical error in a judgment, order, or other part of the record." Fed. R. Crim. P. 36; *see also United States v. A-Abras Inc.*, 185 F.3d 26, 29–30 (2d Cir. 1999). Darling's motion to amend his written judgment of conviction is accordingly granted; the judgment shall be amended to reflect that Darling was sentenced to 60 months on Count Five, running concurrently to his sentence on Count Three.

## II. Force Clause of 18 U.S.C. § 924(c)(3)

"Under the force clause, a crime of violence is a felony offense that 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.'" *Savoca v. United States*, Nos. 16 CV 4465, 03 CR 841-01, 2020 WL 2133187, at *7 (S.D.N.Y. May 5, 2020) (citation omitted). Courts apply the categorical approach to determine whether an offense qualifies as a crime of violence under 18 U.S.C. § 924(c)(3)(A), "evaluat[ing] whether 'the minimum criminal conduct necessary for conviction under a particular statute' necessarily involves violence." *United States v. Hendricks*, 921 F.3d 320, 327 (2d Cir. 2019) (quoting *Hill*, 930 F.3d at 55). "In doing so, [the court] focus[es] only on the elements of the offense and do[es] not consider the particular facts of the underlying crime." *Id.*

Darling's conviction for Hobbs Act robbery conspiracy under Count One can no longer serve as a predicate for his conviction under 18 U.S.C. § 924(c)(3)(A) after *Davis* and *Barrett*, so the only remaining question is whether attempted Hobbs Act robbery serves as a predicate under the force clause. It does.

5

The law of attempt requires an individual (a) to have had the intent to commit the target offense, and (b) to have taken a "substantial step" toward the commission of that offense. *United States v. Thrower*, 914 F.3d 770, 776 (2d Cir. 2019). Thus,

> for substantive crimes of violence that include the use of physical force as an element, defendants also commit crimes of violence when commission of those crimes is attempted—because such attempts necessarily require (a) an intent to complete the substantive crime (including an intent to use physical force) and (b) a substantial step towards completing the crime (which logically means a substantial step towards completion of all of that crime's elements, including the use of physical force).

*McCoy*, 995 F.3d at 55. Because completed Hobbs Act robbery is a crime of violence under the force clause, *Hill*, 890 F.3d at 53, "it follows as a matter of logic that an 'attempt[ ]' to commit Hobbs Act robbery—which the statute also expressly prohibits, *see* 18 U.S.C. § 1951(a)—categorically qualifies as a crime of violence." *McCoy*, 995 F.3d at 55 (alteration in original).

It does not matter that the "substantial step towards a completed Hobbs Act robbery need not itself involve the 'use . . . of physical force' within the meaning of § 924(c)(3)(A)," because "the substantive Hobbs Act robbery towards which that substantial step leads necessarily would involve the 'use of physical force,' if completed." *Id.* at 56 (alteration in original).

*McCoy* also rejected the argument that attempted Hobbs Act robbery is not categorically a crime of violence because one could be convicted of the crime for attempting to *threaten* to use force (instead of attempting to actually use force). Splitting from the Fourth Circuit on this point, *McCoy* explained that while a defendant could, theoretically, be charged with attempted

6

Hobbs Act robbery under an attempt-to-threaten theory, theoretical possibilities are insufficient to show that a predicate conviction is not a crime of violence. 995 F.3d at 56–57. Instead, a defendant must show that there is a "realistic probability . . . that the statute at issue could be applied to conduct that does not constitute a crime of violence," which in turn requires the defendant to "at least point to his own case or other cases in which the . . . courts did in fact apply the statute in the . . . manner for which he argues." *Id.* at 57 (citing *Hill*, 890 F.3d at 56) (internal quotations omitted). Like McCoy and his co-defendant, Darling has not shown a realistic probability that a defendant (including himself) would be convicted of attempted Hobbs Act robbery on an attempt-to-threaten theory of criminal liability. Thus, because attempted Hobbs Act robbery is a crime of violence under § 924(c)(3)(A), Darling's conviction under Count Two served as a valid predicate for his conviction under Count Three.[9]

### III. *Rehaif* Claim

The Supreme Court held in *Rehaif* that "in a prosecution under 18 U.S.C. § 922(g) . . . the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. The Defendant's claim that he is entitled to relief under *Rehaif* is both procedurally barred and substantively meritless. Leave to amend is accordingly denied.

#### A. Darling's Claim is Procedurally Barred

Darling pled guilty, and "the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review," otherwise, the claim is deemed procedurally defaulted. *Bousley v. United States*, 523 U.S. 614, 621 (1998). Darling did

---

[9] Of course, this also means that attempted Hobbs Act robbery is a crime of violence within the meaning of U.S.S.G. § 4B1.2(a)(1). *United States v. Scott*, 990 F.3d 94, 104 (2d Cir. 2021).

not challenge his guilty plea on appeal, so this claim is procedurally defaulted. Darling cannot show either "(1) cause for the procedural default and ensuing prejudice or (2) actual innocence." *United States v. Thorn*, 659 F.3d 227, 231 (2d Cir. 2011). Darling cannot show cause because "the issue decided in *Rehaif* was percolating in the courts for years," and yet he failed to raise the argument on direct appeal. *Waring v. United States*, No. 17 Cr. 50, 19 Cv. 7982, 2020 WL 898176, at *2 (S.D.N.Y. Feb. 25, 2020). Nor can he demonstrate prejudice when the record makes clear that Darling had several prior felony convictions.[10] Presentence Report ("PSR") ¶¶ 57, 59, 61. *See Whitley v. United States*, Nos. 16 Civ. 3548, 04 Cr. 1381, 2020 WL 1940897, at *6 (S.D.N.Y. Apr. 22, 2020). For the same reason, Darling cannot muster the showing of "factual innocence, not mere legal insufficiency" required to demonstrate "actual innocence." *Bousley*, 523 U.S. at 623.

Because Darling's *Rehaif* claim has been procedurally defaulted and cannot be excused, leave to amend is denied as futile. *See Jones v. N.Y. State Div. of Military and Naval Affairs*, 166 F.3d 45, 50 (2d Cir. 2011); *Garavito-Garcia v. United States*, No. 17 Civ. 5798, 2019 WL 6884858, at *2 (S.D.N.Y. Nov. 13, 2019).

**B. Darling's Claim Fails on the Merits**

Assuming *arguendo* that Darling's claim under *Rehaif* is not procedurally barred, his claim also fails on the merits. 18 U.S.C. § 922(g)(1) prohibits possession of a firearm by "any person . . . who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 924(a)(2) subjects an individual who "knowingly

---

[10] Darling had prior convictions for petit larceny, two separate offenses of attempted criminal sale of a controlled substance in the third degree, attempted criminal possession of a weapon in the third degree, racketeering, and murder through use of a firearm during a crime of violence. PSR ¶¶ 52–61.

8

violates" 18 U.S.C. § 922(g) to criminal penalties. What *Rehaif* requires from the interaction of these two statutes is that the Government show the defendant both "knew he possessed a firearm and also that he knew he belonged to the relevant category of persons barred from possessing firearms," 139 S. Ct. at 2200—in other words, that Darling knew he had previously been convicted of a crime punishable by a prison term of more than one year.

There can be no question that Darling knew he belonged to the relevant category of persons. Darling is correct that the Government failed to list the knowledge element of the prohibited statute as one of the elements of 18 U.S.C. § 922(g), to allege Darling knew of his felon status at the time of possession, or to offer any evidence that Darling knew of his status as a felon at the time of his prohibited possession. Plea Tr. at 14:16–22, 15:25–16:23, ECF No. 86–1, Ex. A. But Darling had been sentenced to a one-year prison term on his 1990 conviction for attempted criminal sale of a controlled substance in the third degree, a term of 18 months to 3 years on his conviction that same year for attempted criminal possession of a weapon (which the PSR described as a loaded machine gun) in the third degree, a term of 39 to 78 months for his 1997 conviction for attempted criminal possession of a controlled substance in the third degree, and a term of six years on his 2003 conviction for racketeering and murder through use of a firearm during a crime of violence. PSR ¶¶ 52–61. In other words, Darling was aware at the time of the present offense that he belonged to the relevant class of individuals prohibited from possessing a firearm. *See United States v. Walker*, 974 F.3d 193 (2d Cir. 2020) (observing that defendant had been "convict[ed] of at least five prior felonies . . . four of which resulted in terms of imprisonment exceeding one year"); *United States v. Figueroa*, 822 F. App'x 7 (2d Cir. 2020); *United States v. Rodriguez*, No. 07-CR-749, 2020 WL 4340638, at *4 (S.D.N.Y. July 28,

9

2020). For these reasons, Darling's proposed *Rehaif* claim would fail on the merits even if it was not procedurally defaulted.

This case is easily distinguishable from *United States v. Balde*, 943 F.3d 73 (2d Cir. 2019), in which the Second Circuit vacated the defendant's conviction on a *Rehaif* challenge where the defendant's status as a member of the pertinent class "was hotly contested" at the trial court. 943 F.3d at 97. There was no such dispute over Darling's felon status here. Darling's case much more closely resembles the circumstances in *United States v. Miller*, 954 F.3d 551 (2d Cir. 2020). In *Miller*, the PSR for the defendant showed his prior conviction resulting in a ten-year effective prison sentence, thereby "remov[ing] any doubt that [the defendant] was aware of his membership in" the class of individuals prohibited from possessing firearms. 954 F.3d at 56.

## CONCLUSION

Darling's petition is GRANTED inasmuch as he asks to amend his written judgment of conviction to accurately record the term of imprisonment imposed orally on Count Five at sentencing; the petition is in all other respects DENIED.

Darling has not made a substantial showing of the denial of a constitutional right, and so a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(2). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to close the motion at ECF number 67 (and in the civil case, 1:15-cv-09969-PAC, at ECF number 1).

Dated: New York, New York
May 24, 2021

SO ORDERED

HONORABLE PAUL A. CROTTY
United States District Judge